IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BENJAMIN THIEROFF,

Plaintiff,

-v-                                                               CIVIL ACTION NO.

ASSET ACCEPTANCE, LLC,                                            3:14-cv-209-J-25JBT

Defendant.

_____/

## NOTICE OF REMOVAL

COMES NOW defendant Asset Acceptance, LLC ("Defendant"), by and through

its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441 and

1446, appearing specially so as to preserve any and all defenses available under Rule 12 of

the Federal Rules of Civil Procedure, any and all defenses under the federal laws of

bankruptcy, and specifically preserving the right to demand arbitration pursuant to

contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby

gives notice of the removal of this action from the Circuit Court of Duval County, Florida,

to the United States District Court for the Middle District of Florida, Jacksonville Division.

Defendant Glass Mountain Capital, LLC has joined in and given its consent to this

removal.  A true and correct copy of Glass Mountain Capital, LLC's Consent to Removal is

attached hereto as Exhibit "A."  In support of this notice of removal, Defendant states as

follows:

20429864 v1

## I.   INTRODUCTION

1.     Plaintiff Benjamin Thieroff ("Plaintiff") commenced this action by filing a complaint against Defendant in the Circuit Court of Duval County, Florida, Case Number 2014-CA-000403 on or about January 16, 2014.

2.     Plaintiff's complaint asserts claims against Defendant relating to alleged improper collection of a past due account. [*See generally* Complaint.]

3.     Based on these allegations, Plaintiff purports to assert federal claims against Defendant under the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff also purports to assert state claims against Defendant under the Florida Consumer Collection Practices Act ("FCCPA"), and additionally seeks injunctive relief.. [*Id.*]

4.     This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present.  Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II.   FEDERAL QUESTION JURISDICTION

5.     Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is

presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.      This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against Defendant based upon an alleged violation of the TCPA and FDCPA, which are federal consumer protection statutes. [*See* Complaint; *see also* 47 U.S.C. § 227 and 15 U.S.C. § 1692.]

7.      Accordingly, Plaintiff's TCPA and FDCPA claims arise under the laws of the United States and could have been originally filed in this Court. *See Boone v. JP Morgan Chase Bank, N.A.*, 447 F. App'x 961, 963 (11th Cir. 2011) (holding that removal was proper because the district court had subject-matter jurisdiction over the claims that were based on alleged violations of federal statutes including the FDCPA).

### III.    SUPPLEMENTAL JURISDICTION

8.      This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because these claims form part of the same case or controversy as Plaintiff's alleged FDCPA violations. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

9.      In the instant case, Plaintiff's state law claims are related to the same collection activity that forms the basis for Plaintiff's FDCPA claim. Thus, it is clear that Plaintiff's state law claims in this case are "so related to claims in the action within [this

Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

10.    Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources. *See Bensman v. CitiCorp Trust, N.A.*, 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (citing *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996)). In the instant case, Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's demand for relief under the FDCPA, and arise from the same transaction or occurrence. *See id.* (citing 28 U.S.C. § 1367(c)). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV.    ADOPTION AND RESERVATION OF DEFENSES

11.    Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any

other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V.    PROCEDURAL REQUIREMENTS

12.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

13.    True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as Exhibit "B" in conformity with 28 U.S.C. § 1446(a) and Local Rule 4.02.

14.    This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

15.    Defendant has heretofore sought no similar relief.

16.    The United States District Court for the Middle District of Florida, Jacksonville Division, is the court and division embracing the place where this action is pending in state court.

17.    Contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the clerk of the Circuit Court of Duval County, Florida and a notice of filing notice of removal.  Written notice of the filing of this notice of removal has also been served upon the Plaintiff and Co-Defendant.

18.    Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this

action from the Circuit Court of Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division.

Respectfully submitted this 20th day of February 2014.

R. Frank Springfield (FL Bar No. 0010871)
Matthew Devine (FL Bar No. 0099377)
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
fspringf@burr.com
mdevine@burr.com

*Attorneys for Defendant*
*ASSET ACCEPTANCE, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 20th day of February 2014:

Wendell Finner, Esquire
Ryan G. Moore, Esquire
Wendell Finner, P.A.
340 Third Avenue South, Suite A
Jacksonville Beach, Florida  32250-6767

Glass Mountain Capital, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, Florida  32301-2525

Attorney

20429864 v1                                6