Filing # 9229498 Electronically Filed 01/16/2014 11:21:50 AM

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

BENJAMIN THIEROFF,

    Plaintiff,

vs.

ASSET ACCEPTANCE, LLC,
    Serve On:
    Corporation Service Company
    1201 Hays Street
    Tallahassee, FL 32301-2525

and

GLASS MOUNTAIN CAPITAL LLC,
    Serve On:
    Corporation Service Company
    1201 Hays Street
    Tallahassee, FL 32301-2525

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

### I. INTRODUCTION

1. This is an action for injunctive relief and damages in excess of $15,000.00, exclusive of costs, interest and attorney's fees brought by Plaintiff, Benjamin Thieroff, an individual consumer, for violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by Asset Acceptance, LLC ("Asset") and Glass Mountain Capital LLC ("Glass Mountain").

Fundamentally, this case is about the Defendants' refusal to respect Mr. Thieroff's personal and legal rights in their attempts to collect an alleged debt.

## II. JURISDICTION

2. Jurisdiction of this Court arises pursuant to Fla. Stat. § 26.012, Fla. Stat. 559.77(1) and 47 U.S.C. § 227(b)(3).

## III. PARTIES

3. Plaintiff, Benjamin Thieroff, is a natural person and citizen of the State of Florida.

4. Defendant, Asset, is a junk-debt buyer that is registered as a consumer collection agency with the Florida Office of Financial Regulation. Asset regularly attempts to collect debts in Florida both directly and by and through other consumer collection agencies, including Glass Mountain, and is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a, and the FCCPA, Fla. Stat. § 559.55(6).

5. Defendant, Glass Mountain, is registered as a consumer collection agency with the Florida Office of Financial Regulation. Glass Mountain regularly uses mail and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Glass Mountain acted as a debt collector for Asset as to the delinquent consumer debt it attempted to collect from Plaintiff. Glass Mountain is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a, and the FCCPA, Fla. Stat. § 559.55(6).

6. Defendants, Asset and Glass Mountain, are entities qualified to conduct business in Florida.

## IV. BACKGROUND

7. Mr. Thieroff had an alleged debt Chase Bank USA, National Association ("Chase") arising out of personal, family or household purposes.

8. Mr. Thieroff, facing numerous financial difficulties, hired First Coast Consumer Law to represent him with regard to all debts and claims that this creditors may have had against him, and to seek relief from the overwhelming volume of debt collection calls and letters that he was receiving.

9. Beginning in November, 2012 Glass Mountain began attempting to collect the alleged debt from Mr. Thieroff by means of collection telephone calls. Glass Mountain has asserted that it was attempting to collect the alleged debt on behalf of Asset, who had been assigned the alleged debt for collection.

10. On December 7, 2012 Mr. Thieroff spoke to a Glass Mountain representative on the telephone. During the December 7, 2012 telephone call Mr. Thieroff informed Glass Mountain's representative that Mr. Thieroff was represented by an attorney and that any correspondence regarding the alleged debt needed to be directed to his attorney. Glass Mountain's representative hung up on Mr. Thieroff before Mr. Thieroff could provide the representative with Mr. Thieroff's attorney's contact information.

11. On December 7, 2012, subsequent to Mr. Thieroff's telephone conversation with Glass Mountain's representative, Mr. Thieroff, through counsel, advised Asset and Asset's collection agency, Glass Mountain, that Mr. Thieroff was represented by an attorney with regard to all accounts owned or serviced by Asset and Glass Mountain and requested that Asset and Glass Mountain cease all direct contact with Mr. Thieroff. True and correct copies of the fax confirmations of the December 7, 2012 communications to Asset and Glass Mountain are attached hereto as Exhibits A and B, respectively.[1]

---

[1] The faxes sent to Asset and Glass Mountain each contained a notice of representation which stated "PLEASE TAKE NOTICE that Wendell Finner is my attorney at law who represents me with respect to all my debts and all claims my creditors have against me. I authorize and instruct him to discuss any of my accounts with my creditors and their affiliates, agents, employees, designees or assigns. I authorize and instruct my creditors to disclose such

12. The December 7, 2012 communications to Asset and Glass Mountain placed Asset and Glass Mountain on notice that (a) Mr. Thieroff was represented by an attorney with regard to his alleged debt(s), (b) Mr. Thieroff did not wish to be directly contacted again by Asset or Glass Mountain, and (c) Mr. Thieroff disputed the alleged debt.

13. Despite having actual knowledge that Mr. Thieroff was represented by an attorney Glass Mountain, acting on behalf of its client, Asset, willfully communicated with Mr. Thieroff by means of at least twenty (20) telephone calls made to Mr. Theiroff's cellular telephone between December 11, 2012 and February 5, 2013.

14. Table 1 displays the dates and times of at least some of the telephone calls made by Glass Mountain on behalf of Asset between December 11, 2012 and February 5, 2013.

**TABLE 1**
Telephone Calls Made to Plaintiff's Cellular Telephone Between
December 11, 2012 and February 5, 2013 by Glass Mountain

| DATE | TIME | DATE | TIME | DATE | TIME |
|---|---|---|---|---|---|
| 12-11-12 | 10:33 A.M. | 12-26-12 | 2:50 P.M. | 1-25-13 | 6:03 P.M. |
| 12-11-12 | 6:12 P.M. | 12-28-12 | 12:47 P.M. | 1-30-13 | 5:28 P.M. |
| 12-12-12 | 9:53 A.M. | 1-4-13 | 10:14 A.M. | 1-31-13 | 10:53 A.M. |
| 12-13-12 | 4:24 P.M. | 1-4-13 | 1:46 P.M. | 2-1-13 | 2:11 P.M. |
| 12-14-12 | 4:16 P.M. | 1-14-13 | 12:44 P.M. | 2-1-13 | 4:04 P.M. |
| 12-15-12 | 11:58 A.M. | 1-17-13 | 5:40 P.M. | 2-5-13 | 11:14 A.M. |
| 12-17-12 | 1:26 P.M. | 1-21-13 | 11:53 A.M. | | |

15. The telephone calls listed in Table 1 were willfully or knowingly made to Mr. Thieroff's cellular telephone using an automatic telephone dialing system.

16. Neither Asset nor Glass Mountain had Mr. Thieroff's consent to call Mr. Thieroff's cellular telephone or communicate directly with Mr. Thieroff.

---

information to Mr. Finner as he may request, and to direct all communications to him as my attorney." The notices were signed by Mr. Thieroff and contained his social security number to assist recipients in identifying affected accounts. Due to the inclusion of Mr. Thieroff's social security number, the Notices of Representation are not filed herewith.

17. The telephone calls made to Mr. Thieroff's cellular telephone were not made for emergency purposes.

18. During the December 13, 2012 telephone call Plaintiff informed Glass Mountain's representative that Plaintiff was represented by an attorney with regard to the alleged debt and provided Glass Mountain's representative with Plaintiff's attorney's information.

19. During the December 28, 2012 telephone call Plaintiff informed Glass Mountain's representative that Plaintiff was represented by an attorney with regard to the alleged debt.

20. During the January 21, 2013 telephone call Plaintiff spoke with Glass Mountain's representative, "Michael Kelly," and informed Mr. Kelly that Plaintiff was represented by an attorney and did not wish to be contacted directly.

21. During the January 25, 2013 telephone call Plaintiff spoke with Glass Mountain's representative, "James Day," and informed Mr. Day that Plaintiff was represented by an attorney and did not wish to be contacted directly.

22. During the February 5, 2013 telephone call Plaintiff spoke with Glass Mountain's representative, "Jamal Townsend," and informed Mr. Townsend that Plaintiff was represented by an attorney and did not wish to be contacted directly.

23. The December 13, 2012, December 28, 2012, January 21, 2013, January 25, 2013 and Feburary 5, 2013 communications to Glass Mountain provided Glass Mountain and its client, Asset, with additional notice that Mr. Thieroff was represented by an attorney and did not wish to be contacted directly.

24. Glass Mountain did not provide Mr. Thieroff with written notice that Glass Mountain had been assigned the right to bill and collect the account before taking action to collect it.

25. Glass Mountain failed to provide Mr. Thieroff with any written notice whatsoever detailing the amount of the debt, naming the creditor or providing any information regarding validation of the alleged debt.

26. In addition to contacting Mr. Thieroff directly, Glass Mountain also willfully communicated with Mr. Thieroff's parents by means of telephone calls to Mr. Thieroff's parents' residence.

27. Along with the telephone calls made by Asset's agent, Glass Mountain, Asset likewise communicated directly with Mr. Thieroff by means of at least fifteen (15) telephone calls to Mr. Thieroff's cellular telephone between December 5, 2013 and January 7, 2014 despite having actual knowledge that Mr. Thieroff was represented by an attorney.

28. Table 2 displays the dates and times of at least some of the telephone calls made by Asset to Mr. Thieroff's cellular telephone between December 5, 2013 and January 7, 2014.

**TABLE 2**
Telephone Calls Made to Plaintiff's Cellular Telephone Between
December 5, 2013 and January 7, 2014 by Asset

| DATE | TIME | DATE | TIME | DATE | TIME |
|---|---|---|---|---|---|
| 12-5-13 | 1:23 P.M. | 12-14-13 | 9:44 A.M. | 12-27-13 | 8:35 P.M. |
| 12-5-13 | 4:09 P.M. | 12-16-13 | 2:54 P.M. | 12-30-13 | 5:48 P.M. |
| 12-9-13 | 1:46 P.M. | 12-16-13 | 2:55 P.M. | 1-2-14 | 4:15 P.M. |
| 12-12-13 | 2:11 P.M. | 12-18-13 | 6:42 P.M. | 1-3-14 | 1:12 P.M. |
| 12-13-13 | 3:36 P.M. | 12-23-13 | 8:43 P.M. | 1-7-14 | 2:45 P.M. |

29. The telephone calls listed in Table 2 were willfully or knowingly made to Mr. Thieroff's cellular telephone using an automatic telephone dialing system.

30. Asset did not have Mr. Thieroff's consent to call Mr.Thieroff's cellular telephone or communicate directly with Mr. Thieroff.

31. The telephone calls made to Mr. Thieroff's cellular telephone were not made for emergency purposes.

32. Asset did not provide Mr. Thieroff with written notice that Asset had been assigned the right to bill and collect the account before taking action to collect it.

33. Asset failed to provide Mr. Thieroff with any written notice whatsoever detailing the amount of the debt, naming the creditor or providing any information regarding validation of the alleged debt.

### V.  COUNT I – FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATIONS BY ASSET

34. Mr. Thieroff incorporates by reference paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 26, 27, 28, 29, 30, 32 and 33 of this Complaint.

35. Asset could reasonably expect the debt collection activity described above to harass Mr.Thieroff in violation of Fla. Stat. § 559.72(7).

36. By failing to provide Mr. Thieroff with written notice that Asset had been assigned the alleged debt before taking action to collect it and by using automatic telephone dialing equipment to call Mr. Thieroff's cellular telephone despite not having Mr. Thieroff's consent to do so Asset asserted the existence of a legal right to use collection techniques Asset was legally prohibited from using in violation of Fla. Stat. § 559.72(9).

37. Glass Mountain acted as Asset's agent in the debt collection activities described above. Asset, both directly and by and through its agent, Glass Mountain, willfully communicated with Mr. Thieroff by means of the telephone calls listed in Table 1 and Table 2

despite having actual knowledge that Mr. Thieroff was represented by an attorney in violation of Fla. Stat. § 559.72(18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Asset Acceptance, LLC, for:

a.  Actual and statutory damages pursuant to Fla. Stat. § 559.77(2).

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## VI. COUNT II – FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATIONS BY GLASS MOUNTAIN

38. Mr. Thieroff incorporates by reference paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26 of this Complaint.

39. Glass Mountain could reasonably expect the debt collection activity described above to harass Mr. Thieroff in violation of Fla. Stat. § 559.72(7).

40. By failing to provide Mr. Thieroff with written notice that Glass Mountain had been assigned the alleged debt before taking action to collect it and by using automatic telephone dialing equipment to call Mr. Thieroff's cellular telephone despite not having Mr. Thieroff's consent to do so Glass Mountain asserted the existence of a legal right to use collection techniques Glass Mountain was legally prohibited from using in violation of Fla. Stat. § 559.72(9).

41. Glass Mountain willfully communicated with Mr. Thieroff by means of the telephone calls listed in Table 1 despite having actual knowledge that Mr. Thieroff was represented by an attorney in violation of Fla. Stat. § 559.72(18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Glass Mountain Capital LLC, for:

  a. Actual and statutory damages pursuant to Fla. Stat. § 559.77(2).

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

### VII. COUNT III – FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS BY ASSET

42. Mr. Thieroff incorporates by reference paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 26, 27, 28, 29, 30, 32 and 33 of this Complaint.

43. Glass Mountain acted as Asset's agent in the debt collection activities described above. Asset, both directly and by and through its agent, Glass Mountain, willfully communicated with Mr. Thieroff by means of the January 25, 2013, January 30, 2013, January 31, 2013, February 2, 2013 and February 5, 2013 telephone calls listed in Table 1 along with the telephone calls listed in Table 2 despite having actual knowledge that Mr. Thieroff was represented by an attorney in violation of 15 U.S.C. § 1692c(a)(2).

44. Asset engaged in collection activity the natural consequence of which was to harass Mr. Thieroff in violation of 15 U.S.C. § 1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Asset Acceptance, LLC, for:

  a. Actual and statutory damages pursuant to 15 U.S.C. § 1692k.

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

### VIII. COUNT IV – FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS BY GLASS MOUNTAIN

45. Mr. Thieroff incorporates by reference paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25 and 26 of this Complaint.

46. Glass Mountain willfully communicated with Mr. Thieroff by means of the January 25, 2013, January 30, 2013, January 31, 2013, February 2, 2013 and February 5, 2013 telephone calls listed in Table 1 despite having actual knowledge that Mr. Thieroff was represented by an attorney in violation of 15 U.S.C. § 1692c(a)(2).

47. Glass Mountain engaged in collection activity the natural consequence of which was to harass Mr. Thieroff in violation of 15 U.S.C. § 1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Glass Mountain Capital LLC, for:

a. Actual and statutory damages pursuant to 15 U.S.C. § 1692k.

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

### IX. COUNT V – UNLAWFUL USE OF TELEPHONE EQUIPMENT BY GLASS MOUNTAIN

48. Mr. Thieroff incorporates by reference paragraphs 1, 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23 of this Complaint.

49. Glass Mountain willfully and knowingly placed the non-emergency telephone calls to Plaintiff's cellular telephone using automatic telephone dialing equipment as listed in Table 1 without Plaintiff's consent to do so in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Glass Mountain Capital LLC, for:

a. Damages pursuant to the TCPA, 47 U.S.C. § 227(b)(3); and

b. Such other and further relief as the Court deems proper.

### X. COUNT VI – UNLAWFUL USE OF TELEPHONE EQUIPMENT BY ASSET

50. Mr. Thieroff incorporates by reference paragraphs 1, 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 27, 28, 29, 30 and 31 of this Complaint.

51. Glass Mountain acted as Asset's agent in the debt collection activities described above. Asset, both directly and by and through its agent, Glass Mountain, willfully and knowingly placed the non-emergency calls to Plaintiff's cellular telephone using automatic telephone dialing equipment as listed in Tables 1 and 2 without Plaintiff's consent to do so in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHERFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Asset Acceptance, LLC, for:

    a. Damages pursuant to the TCPA, 47 U.S.C. § 227(b)(3); and

    b. Such other and further relief as the Court deems proper.

### XI. COUNT VII – INJUNCTIVE RELIEF

52. Mr. Thieroff incorporates by reference paragraphs 1, 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 and 33 of this Complaint.

53. Plaintiff seeks a permanent injunction prohibiting the Defendants from continuing their violations of the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. Declaring that the Defendants' practices violated the FCCPA;

    b. Permanently enjoining the Defendants from engaging in the violative practices; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff, Benjamin Thieroff, demands trial by jury in this action.

/s/ Ryan G. Moore
Wendell Finner, FBN: 93882
Ryan G. Moore, FBN: 70038
Wendell Finner, P.A.
340 Third Avenue South, Suite A
Jacksonville Beach, FL 32250-6767
P: (904) 242-7070 F: (904) 242-7054
e-Service: pleadings@firstcoastconsumerlaw.com
*Attorneys for Plaintiff*